23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Gary Joseph SCHLAIRET, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-4235.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1994.
 
 Before: KEITH, MARTIN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Gary Joseph Schlairet, a pro se federal prisoner, appeals a district court order dismissing his motion to vacate, set side, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Schlairet was indicted in August 1991 on one count of being a felon in possession of a firearm and one count of acquiring a firearm by falsely representing that he had not been convicted of a felony. In addition, the government indicated its intent to seek a mandatory 15-year sentence on count one (the firearm possession count) on the basis that Schlairet's three predicate offenses were violent felonies within the meaning of 18 U.S.C. Sec. 924(e). Schlairet pleaded guilty to count one on September 4, 1992, in a plea bargain that called for the government not to pursue the enhanced penalty and, instead, provided for a five-year sentence. The sentence, imposed on February 5, 1992, also provided for a two-year term of supervised release. Schlairet did not take a direct appeal. He did, however, file a motion to vacate pursuant to 28 U.S.C. Sec. 2255, in which he claimed that his receipt of two "restoration of civil rights certificates" from the State of Ohio precluded his conviction as a previously convicted felon in possession of a firearm. This initial motion to vacate was summarily dismissed by the district court, and a panel of this court affirmed the dismissal in an unpublished order. Schlairet v. United States, No. 92-4257 (6th Cir. July 6, 1993).
 
 
 3
 Schlairet has now filed a second motion to vacate, in which he raises two grounds for relief: (1) that his sentence violated the Ex Post Facto Clause because the applicable sentencing guideline in effect at the time he was sentenced resulted in a longer sentence than would the guideline in effect on the date of his offense, and (2) that his counsel rendered ineffective assistance by failing to raise the ex post facto issue at sentencing.
 
 
 4
 In a memorandum order filed on October 22, 1993, the district court dismissed Schlairet's motion pursuant to Rule 9(b), Rules Governing Section 2255 Proceedings. Although the district court found that Schlairet's motion constituted an abuse of the procedure, it also addressed the merits of the issues raised and found them to be wanting. On appeal, Schlairet continues to argue his grounds for relief. In addition, he adds a claim of ineffective assistance of counsel based on counsel's failure to raise the ex post facto issue in a direct appeal.
 
 
 5
 Our review of the record suggests strongly that counsel's "failure" to raise the ex post facto issue at sentencing or on direct appeal stemmed from deliberate strategy and not from incompetence. The transcripts of both the guilty plea proceeding and the subsequent sentencing hearing establish that Schlairet's trial attorney, Roger M. Synenberg, and Matthew Cain, the Assistant United States Attorney assigned to the case, had negotiated a plea agreement that significantly decreased Schlairet's possible term of incarceration. The transcript also establishes that negotiations were carried on with the petitioner's full knowledge and acquiescence.
 
 
 6
 In return for the petitioner's plea of guilty to count one of the indictment, the government agreed to withdraw its notice of enhancement, thereby lowering the applicable mandatory minimum sentence in the case from 15 years to five years. Moreover, the attorneys had agreed specifically that the sentence to be imposed would be 60 months with two years of subsequent supervision, after taking into account both sets of sentencing guidelines. Assistant U.S. Attorney Cain summarized the basis for the government's recommendation as follows:
 
 
 7
 During the course of preparation of the case, we concluded that one of the breaking and entering charges has originally been charged as a violation of Ohio Revised Code Section 291113(b), which violation, Your Honor, at that time may or may not have been described as conduct which would now be interpreted as an offense of violence.
 
 
 8
 And, therefore, Your Honor, we recommend a plea agreement in this case at a level which would be reflected under the new sentencing guidelines of a level 24, that is a person with two prior convictions with two points for the acceptance of responsibility. By reason of the fact that the Defendant has prior convictions, that would be a total number of criminal history points of 7, which is a criminal history category 4, giving the potential sentence of 57 to 71 months. We are recommending to the Court that the sentence be a sentence of 60 months.
 
 
 9
 Immediately after the defense counsel's acknowledgement of this agreement, the following exchange occurred:
 
 
 10
 THE COURT: And according to the chart that puts us at what?
 
 
 11
 MR. SYNENBERG: 57 to 71 months.
 
 
 12
 THE COURT: I have 63 to 78.
 
 
 13
 MR. CAIN: You are correct, Your Honor. But at the time that the plea agreement was made, Mr. Taylor made the plea agreement with the Defendant at 60 months. Therefore, I think we have to further depart by one level, Your Honor, which would be a category 21, I believe, your Honor.
 
 
 14
 THE COURT: Well, considering the facts of this case, the Court will allow that departure with the plea agreement being another level, making it a 21 point or criminal category 4. The plea agreement calls for 60 months.
 
 
 15
 MR. SYNENBERG: The plea agreement calls for 60 months, Your Honor, yes.
 
 
 16
 So thereby any misunderstanding should someone examine this guy in the future--Mr. Schlairet and I have had many discussions, and given the consideration, Mr. Schlairet and I have decided that it would be in his best interest that we continue to accept the plea agreement that has been offered to us by the Government.
 
 
 17
 THE COURT: Is that your understanding too, Mr. Schlairet?
 
 
 18
 THE DEFENDANT: Yes.
 
 
 19
 THE COURT: With that, do you have anything to say why this Court should not impose sentence before the Court imposes the sentence?
 
 
 20
 My question to you is: Do you have any questions? Do you have any reason why this Court should not--
 
 
 21
 THE DEFENDANT: No, Your Honor. I have just one thing. I'm sorry for the inconvenience that I brought upon the Court and everything.
 
 
 22
 THE COURT: Counsel?
 
 
 23
 MR. SYNENBERG: No, Your Honor.
 
 
 24
 I assured you of my thoughts in chambers with Mr. Cain present. We are entering into an agreement that is best for Mr. Schlairet given all the alternatives ...
 
 
 25
 Hence, the record establishes that the petitioner was sentenced in conformity with a carefully negotiated agreement that he would be incarcerated for five years. There is no suggestion in the transcript that he or his lawyer was unaware of the provisions of the sentencing guidelines in effect at the time of the offense and at the time of sentencing. What the record does establish is the defendant's full and unconditional acceptance of a very favorable sentencing recommendation in exchange for his guilty plea, foreclosing any subsequent challenge of the kind now raised by his Sec. 2255 motion to vacate.
 
 
 26
 As the government has argued both in the district court and on appeal, and as the district judge held, there are several insurmountable procedural obstacles to a finding that the petitioner is now entitled to relief on the basis of an ex post facto violation or a claim of ineffective assistance of counsel. Given those obstacles and given the factual record before us, we cannot say that the district court erred in dismissing the petitioner's motion to vacate.
 
 
 27
 The district court's order of October 26, 1993, is therefore AFFIRMED.
 
 
 28
 Rule 9(b)(3), Rules of the Sixth Circuit.